IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TANYA L. FOWLER,<br>    *Petitioner,*<br><br> v.<br><br>DAINE GREY, et. al.,<br>    *Respondent.* | CIVIL ACTION<br>NO. 24-4306 |

## ORDER

**AND NOW**, this 8th day of May 2025, upon consideration of Tanya Fowler's Petition for a Writ of *Habeas Corpus*, (ECF No. 1), and the Report and Recommendation of U.S. Magistrate Judge Elizabeth T. Hey, (ECF No. 13), to which Fowler did not object, it is **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

2. Fowler's petition for a writ of *habeas corpus* is **DENIED** and **DISMISSED**;

3. A certificate of appealability **SHALL NOT** issue, in that the Fowler has not made a substantial showing of the denial of a constitutional right nor demonstrated that reasonable jurists would debate the correctness of the

---

[1] Tanya Fowler challenges the decision by the Pennsylvania Department of Human Services to take her granddaughter, Victoria Jacquet, into protective custody. *See* (Pet. at 1–2, ECF No. 1). Jacquet was placed into a foster home, and Fowler has since been "denied about 10 Motions and Petitions for her return to [Fowler's] Lawful Custody." (*Id.* at 4.) On March 17, 2025, Magistrate Judge Elizabeth T. Hey recommended that Fowler's petition be dismissed for lack of subject-matter jurisdiction. (R&R at 4, ECF No. 13.) Fowler did not file objections.

 When no objections are made to an R&R, a district court need not "determine *de novo* whether a magistrate judge erred" in denying such claims. *Medina v. DiGuglielmo*, 461 F.3d 417, 426 (3d Cir. 2006) (citing Fed. R. Gov. § 2254 Cases 8(b)). However, as a matter of good practice, courts generally review unobjected-to claims for clear error. *See, e.g.*, *Harris v. Mahally*, No. 14-2879, 2016 WL 4440337, at *4 (E.D. Pa. Aug. 22, 2016); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).

 Judge Hey's recommendation is not clearly erroneous, as "federal *habeas* has never been available to challenge parental rights or child custody." *Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 512 (1982).

2

        procedural aspects of this decision.  *See* 28 U.S.C. 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); and

4.     The Clerk of Court shall mark this case **CLOSED**.


                                          BY THE COURT:


                                      ***/s/ Gerald J. Pappert***
                                      Gerald J. Pappert, J.

Case 2:24-cv-04306-GJP   Document 14   Filed 05/08/25   Page 2 of 2